UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TARANI A. JOHNSON, | : | CIVIL ACTION |
| | : | NO. 19-03620  AND |
| Appellant, | : | CIVIL ACTION |
| | : | NO. 19-02804 |
| v. | : | |
| | : | |
| WELLS FARGO BANK, N.A., | : | |
| WILLIAM C. MILLER, CHAPTER 13 | : | |
| TRUSTEE, AND THE UNITED STATES | : | |
| TRUSTEE, | : | |
| Appellees. | : | |
| | : | |

## BRIEF OF APPELLEE WELLS FARGO BANK, N.A.

Prince Altee Thomas, Esquire
FOX ROTHSCHILD LLP
2000 Market Street, 20th Floor
Philadelphia, PA 19103-3291
(215) 299-2079
Attorneys to Appellee
WELLS FARGO BANK, N.A.

## CORPORATE DISCLOSURE STATEMENT
### <u>PURSUANT TO RULE BANKRUPTCY RULE 8012</u>

Pursuant to Federal Rule of Bankruptcy Procedure 8012, the Appellee,

Wells Fargo Bank, N.A., by its counsel, states the following:

The nongovernmental corporate party, Wells Fargo Bank, N.A., in the above

listed appellate action does not have any parent corporation or publicly held

corporation that owns 10% or more of its stock.

## TABLE OF CONTENTS

**CORPORATE DISCLOSURE STATEMENT**……………………………..ii

**TABLE OF AUTHORITIES**……………………………………………....iv

**I.    JURISDICTIONAL STATEMENT**…………………………………..1

**II.   COUNTER STATEMENT OF ISSUES**…………………………….....2

**III.  STATEMENT OF THE CASE**………………………………………..2
    A.   Statement of the Facts …………………………………………....2
    B.   Standard of Review………………………………………………3
    C.   Disposition Below………………………………………….……4

**IV.   SUMMARY OF THE ARGUMENT**…………………………………4

**V.    ARGUMENT**……………………………………………………………4
    A.   The Alleged Debtor was not Eligible to file a Chapter 13
        Petition under § 109(e)…………………………………………...4
    B.   The Bankruptcy Court did not Commit an Error…………...,…..6

**VI.   CONCLUSION**……………………………………………………………6

**APPENDIX**

Bankruptcy Court Order Entered on July 23, 2019……………….....Exhibit A

Bankruptcy Court's Memorandum Entered on August 27, 2019……Exhibit B

# TABLE OF AUTHORITIES

**Cases**

*Bullard v. Blue Hills Bank*, 135S.Ct. 1686, 1693, 191 L. Ed. 2d 621,
73 C.B.C. 2d 1492 (2015)…………………………………………………………….1

*In re Sharon Steel Corp.,* 871 F.2d 1217, 1222 (3d Cir. 1989)…………………….3

*Meridian Bank v. Alten*, 958 F. 2d 1226, 1229 (3d Cir. 1992) …………………….3

*S.S. Body Armor I., Inc. v. Carter Ledyard & Milburn LLP*,
927 F. 3d 763, 770 (2019)…………………………………………………………....1

*Universal Minerals, Inc. v. C.A. Hughes & Co.*, 669 F.2d 98, 102-03………...…3

**Statutes**

11 U.S.C. § 105...........................................................................................................3

11 U.S.C. § 109(e)...............................................................................................2, 4, 6

11 U.S.C. § 349...........................................................................................................3

11 U.S.C. § 362(c)(2)..................................................................................................1

11 U.S.C. § 362(c)(3)..................................................................................................1

11 U.S.C. § 1301.........................................................................................................2

11 U.S.C. § 1307.........................................................................................................3

28 U.S.C. § 158(a)...................................................................................................1, 2

## I.      JURISDICTIONAL STATEMENT

A.      Basis for District Court's Jurisdiction

Pursuant to 28 U.S.C. § 158(a) the District Court has jurisdiction to hear appeals from final judgments, orders and decrees of bankruptcy judges sitting in its district.  The District Court has jurisdiction to hear the appeal from the Bankruptcy Court's Order dated July 22, 2019 and entered on July 23, 2019 on the Bankruptcy Court's Docket in Case No. 18-17432 because the Order dismissed Appellant's Chapter 13 case and thereby was a final Order.

A final Order ends the litigation on the merits and leaves nothing for the Court to do but execute the judgment.  Although it was speaking within the context of the finality of an order of the Bankruptcy Court having denied confirmation of a Chapter 13 plan and dismissal of the case, the United States Supreme Court has stated:

> When confirmation is denied and *the case is dismissed as a result, the consequences* are similarly significant.  Dismissal of course dooms the possibility of a discharge and the other benefits available to a debtor under Chapter 13.  Dismissal lifts the automatic stay entered at the start of the bankruptcy, exposing the debtor to creditors' legal actions and collection efforts. § 262(c)(2). And it can limit the availability of an automatic stay in a subsequent bankruptcy case. § 362(c)(3).[1]

---

[1] *Bullard v. Blue Hills Bank*, 135S.Ct. 1686, 1693, 191 L. Ed. 2d 621, 73 C.B.C. 2d 1492 (2015); *See also*, *S.S. Body Armor I., Inc. v. Carter Ledyard & Milburn LLP*, 927 F. 3d 763, 770 (2019)(discussing finality of a bankruptcy court order).

Active\106988777.v1-2/3/20

The Bankruptcy Court's Order in this case was final because it ended the case and left nothing further to do.  The Appellant seeks to stop Wells Fargo from enforcing its rights as a mortgagee after the Bankruptcy Court has granted Wells Fargo stay relief.  Wells Fargo has an interest in this case.

## II.   COUNTER STATEMENT OF THE ISSUES

As stated above, pursuant to 28 U.S.C. § 158(a) this Court has jurisdiction to hear appeals from final judgments, orders and decrees of bankruptcy judges sitting in its district.  In the appeal of Tarani A. Johnson ("Appellant" or "Ms. Johnson") of the Bankruptcy Court's Order, it is respectfully submitted that the following issues are presented for review:

> 1.     Whether *Tarani A. Johnson dba Silver Apple, LLC.* (the "Alleged Debtor")was eligible to file a Chapter 13 bankruptcy petition under § 109(e) of the Bankruptcy Code.

> 2.     Whether the Bankruptcy Court erred granting the Chapter 13 Trustee's Motion to Dismiss the case, but dismissing the case without prejudice.

## III.   STATEMENT OF THE CASE

A.     Statement of the Facts Relevant to the Issues Submitted For Review

On November 5, 2018, Ms. Johnson filed a voluntary petition for an individual under Chapter 13 of the United States Bankruptcy Code, 11 U.S.C. § 1301 *et seq.* in the United States Bankruptcy Court for the Eastern District of Pennsylvania, the Honorable Chief Judge Madeline D. Coleman presiding, Case

2

No. 18-17342-mdc.  *See,* Bankruptcy Court Docket Entry No. 1 ("D.E. #1). Ms.

Johnson filed the case as *Tarani A. Johnson dba Silver Apple, LLC.*  (*Id.)* On

April 2, 2019, the William Miller, the Chapter 13 Trustee, filed with the

Bankruptcy Court a motion to dismiss the case with prejudice pursuant to 11

U.S.C. §§ 105, 349 and 1307.  *See,* D.E. #59.  On July 22, 2019, the Bankruptcy

Court entered an order granting the Trustee's motion to dismiss the case (the

"Dismissal Order"), but dismissing it without prejudice. *See,* D.E. #138.  On

August 6, 2019, Ms. Johnson filed the current appeal to this Court.  *See,* D.E. #146.

On August 17, 2019, the Bankruptcy Court entered its *Memorandum* in support of

its Dismissal Order.  A true and exact copy of the Dismissal Order and

Memorandum in support are attached hereto in the Appendix and made a part

hereof as respective Exhibits "A" and "B".

     B.     Standard of Review

     In reviewing the Bankruptcy Court's Order, this Court applies a clearly

erroneous standard to findings of fact, conducts plenary review of conclusions of

law, and must break down mixed questions of law and fact, applying the

appropriate standard to each component.  *See, Meridian Bank v. Alten*, 958 F. 2d

1226, 1229 (3d Cir. 1992) (citing, *In re Sharon Steel Corp.,* 871 F.2d 1217, 1222

(3d Cir. 1989) and *Universal Minerals, Inc. v. C.A. Hughes & Co.*, 669 F.2d 98,

102-03.  It is respectfully submitted that Ms. Johnson has already admitted the

operative, material fact that she sought to file a Chapter 13 case for a business entity. The remaining issue is whether the Bankruptcy Court's legal conclusion that § 109(e) required the dismissal of the case is an error. This Court has plenary review over conclusions of law of the Bankruptcy Court.

C.     Disposition Below

On July 23, 2019, the Bankruptcy Court entered on its docket the Dismissal Order.

## IV.   **SUMMARY OF THE ARGUMENT**

Pursuant to 11 U.S.C. § 109(e) only an individual may be a debtor under Chapter 13 of the Bankruptcy Code. Ms. Johnson testified before the Bankruptcy Court that she intended the Alleged Debtor in this case to be a corporate entity. The Alleged Debtor was correctly found by the Bankruptcy Court to not be eligible for Chapter 13 and ordered the dismissal of the case.

## V.    **ARGUMENT**

A.     The Alleged Debtor was not Eligible to File a Chapter 13 Bankruptcy Petition under § 109(e)

The pertinent part of § 109(e) provides:

> **Only an individual** with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $419,275 and noncontingent, liquidated, secured debts of less than $1,257,850, or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent,

4

liquidated, unsecured debts of less than $1,257,850 may be a debtor under chapter 13 of this title.[2]  (Emphasis provided).

As stated by the Bankruptcy Court in its memorandum, citing cases, the term "individual" as used in the Bankruptcy Code means a human being and not a corporate entity.[3]  Although a corporate entity is not eligible to file a petition in Chapter 13, Ms. Johnson's Amended Appellant's Brief appears to argue that the Alleged Debtor is entitled to the benefits of being in a Chapter 13.[4]  Her statement of the issues alleges that the Bankruptcy Court erred and abused its discretion by not conducting a hearing on a motion to convert the case from Chapter 13 to Chapter 11, erred and abused its discretion by granting Wells Fargo relief from the automatic stay, erred and abused its discretion by not letting the Alleged Debtor amend its Chapter 13 Plan, and erred and abused its discretion by violating various constitutions.  The issues presented by Ms. Johnson assumes that the Alleged Debtor, who was ineligible to be in Chapter 13, was still entitled to pursue the benefits of being a Chapter 13 Debtor.  The Alleged Debtor's status as a Chapter 13 Debtor was void *ab initio*.  The Bankruptcy Court's Order did not prevent Ms. Johnson from filing as an individual a voluntary petition in Chapter 13, nor did it

---

[2] 11 U.S.C. § 109(e).

[3] Memorandum of the Bankruptcy Court, Appendix, Exhibit B, p. 4 (citing cases).

[4] Brief of Appellant (Amended), p. 1.

Active\106988777.v1-2/3/20

prevent the Alleged Debtor from filing a petition in Chapter 11 or any other
chapter for which it may be eligible.

    B.    The Bankruptcy Court did not Commit an Error in Granting the
           Chapter 13 Trustee's Motion to Dismiss the case and in Dismissing it
           Without Prejudice

The Bankruptcy Court concluded as a matter of law that § 109(e) required
the dismissal of this case.  The Bankruptcy Code is clear that a corporate entity is
not eligible to be a debtor in Chapter 13.  That chapter is for human beings only.

## VI.   <u>CONCLUSION</u>

For all of the foregoing reasons, Wells Fargo Bank, N.A. respectfully
requests that this Court affirm the Order of the Bankruptcy Court entered on July
23, 3029, and dismiss the appeal of Tarani A. Johnson.

                    Respectfully submitted,

                    /s/ Prince Altee Thomas
                    Prince Altee Thomas, Esquire
                    FOX ROTHSCHILD LLP
                    2000 Market Street, 20th Floor
                    Philadelphia, PA 19103
                    (215) 299-2000

                    Attorneys for Appellee,
                    Wells Fargo Bank, N.A.

Date: February 3, 2020

Active\106988777.v1-2/3/20

## <u>**APPENDIX**</u>

Bankruptcy Court's Order Entered on July 22, 2019…………………..Exhibit A

Bankruptcy Court's Memorandum Entered on August 27, 2019……....Exhibit B

# EXHIBIT

## "A"

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

In re:                                          :   Chapter 13

    Tarani A. Johnson,                          :

        Debtor.                            :   Bankruptcy No. 18-17342-MDC

# O R D E R

AND NOW, upon consideration of the *Chapter 13 Standing Trustee's Motion to Dismiss with Prejudice Pursuant to 11 U.S.C. Sections 105, 349 and 1307* (the "Motion to Dismiss"),[1] seeking dismissal of the bankruptcy case of Tarani A. Johnson ( the "Debtor") with prejudice, and after notice and a hearing held on May 16, 2019 and July 22, 2019, and for the reasons stated by this Court at the hearing, it is hereby ORDERED that:

1.    The Motion to Dismiss is GRANTED without prejudice.

2.    The Court retains jurisdiction to address all issues related to the representation of the Debtor in this case by her counsel, Joshua L. Thomas of Joshua L. Thomas & Associates.

Dated: July 22, 2019

*Magdeline D. Coleman*

MAGDELINE D. COLEMAN
CHIEF UNITED STATES BANKRUPTCY JUDGE

Joshua L. Thomas, Esquire
Joshua L. Thomas & Associates
1110 Pocopson Road
P.O. Box 415
Pocopson, PA 19366

Tarani A. Johnson
2285 Bryn Mawr Avenue
Philadelphia, PA 19131

William C. Miller, Esquire
Chapter 13 Trustee
P.O. Box 1229
Philadelphia, PA 19105

---

[1] Bankr. Docket No. 59.

United States Trustee
Custom House
200 Chestnut Street, Suite 502
Philadelphia, PA 19106-2912

Harry B. Reese, Esquire
Powers Kirn, LLC
8 Neshaminy Interplex, Suite 215
Trevose, PA 19053

Jerome B. Blank, Esquire
Phelan Hallinan Diamond & Jones LLP
1617 John F. Kennedy Boulevard, Suite 1400
Philadelphia, PA 19103

2

EXHIBIT

"B"

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

In re:                                        :  Chapter 13

    Tarani A. Johnson,                       :

        Debtor.                            :  Bankruptcy No. 18-17342-MDC

# MEMORANDUM

BY: MAGDELINE D. COLEMAN, CHIEF UNITED STATES BANKRUPTCY JUDGE

## I.     INTRODUCTION

On July 23, 2019, the Court entered an order (the "Dismissal Order")[1] granting William

C. Miller, Chapter 13 Standing Trustee's (the "Chapter 13 Trustee") motion to dismiss (the

"Motion to Dismiss")[2] the above-captioned bankruptcy case. On August 6, 2019, Tarani A.

Johnson ("Ms. Johnson") filed a Notice of Appeal of the Dismissal Order.[3] Pursuant to Local

Bankruptcy Rule 8003-1, this Memorandum supports the Court's entry of the Dismissal Order.

## II.    RELEVANT FACTUAL AND PROCEDURAL HISTORY

On November 5, 2018, Ms. Johnson filed a purportedly *pro se* voluntary petition (the

"Petition") under chapter 13 of title 11 of the United States Code, 11 U.S.C. §§101, *et seq.* (the

"Bankruptcy Code").[4] On December 14, 2018, Joshua L. Thomas, Esq. appeared as counsel

("Counsel") on behalf of the alleged debtor.[5] On January 31, 2019, the Chapter 13 Trustee filed

---

[1] Bankr. Docket. No. 138.

[2] Bankr. Docket No. 59.

[3] Bankr. Docket No. 146.

[4] Bankr. Docket No. 1. The Court refers to the Petition as allegedly *pro se* because, as discussed below, the hearings in this case revealed that the Petition was intended to be filed on behalf of a corporate entity. It is well established, however, that corporate entities can only appear in the federal courts through licensed counsel, and therefore the Petition could not be filed *pro se*. *See, e.g., Rowland v. California Men's Colony*, 506 U.S. 194, 201-202 (1993) (noting "the law for the better part of two centuries" holding that corporate entities must appear through counsel).

[5] Bankr. Docket No. 32. Given what was subsequently learned about the nature of the alleged debtor in this case, it is not clear to the Court, in retrospect, on whose behalf Mr. Thomas was appearing.

a motion to dismiss the bankruptcy case due to failure (i) to appear at the meeting of creditors required by §341 of the Bankruptcy Code, (ii) to provide business information to the Chapter 13 Trustee, (iii) to make timely payments to the Chapter 13 Trustee as required by §1326 of the Bankruptcy Code, and (iv) to provide a federal income tax return as required by §521(e)(2).[6] Prior to that motion being heard, however, the Chapter 13 Trustee filed the Motion to Dismiss, which sought dismissal of the bankruptcy case with prejudice pursuant to §§ 105, 349 and 1307 and an order barring Ms. Johnson from filing any future bankruptcy case without prior approval of the Court. In summary, the Motion to Dismiss alleged inaccuracies and inconsistencies in the filings in this case that amounted to a lack of good faith. On May 7, 2019, Ms. Johnson filed a response to the Motion to Dismiss (the "Response").[7]

The Court held a hearing on the Motion to Dismiss and the Response on May 16, 2019, June 10, 2019, June 25, 2019, and July 22, 2019.[8] At the hearing on July 22, 2019, Ms. Johnson testified, in response to questions the Chapter 13 Trustee asked her regarding filings she made with the Office of Judicial Support for Delaware County, Pennsylvania in February 2019, that where a document was signed "TARANI ALIKE JOHNSON" in all capital letters, this denoted an entity separate and apart from her as an individual and was no different than a corporation.[9] The Chapter 13 Trustee then asked Ms. Johnson who the debtor was in this bankruptcy case, in

---

[6] Bankr. Docket No. 49. The grounds for this motion were clearly based on the Chapter 13 Trustee's understanding that Ms. Johnson was the debtor in this case, not a corporate entity by the name of TARANI ALIKE JOHNSON.

[7] Bankr. Docket No. 71.

[8] The hearing on the Motion to Dismiss and Response necessitated four separate days on the Court's calendar due in large part to the fact that on June 6, 2019, four days before the continued hearing from May 16, 2019, the Debtor's counsel filed a motion to withdraw [Bankr. Docket No. 92] and the Debtor filed a notice entitled Termination of Attorney [Bankr. Docket No. 94]. Apparently due to his belief that his motion to withdraw obviated the need for him to do so, the Debtor's counsel did not appear at the continued hearing on June 10, 2019 until the Court directed him to do so. Given her counsel's pending motion to withdraw, however, the Court gave the Debtor additional time to find replacement counsel before continuing the hearing, but advised her that if she failed to retain replacement counsel, she would be expected to represent herself. The Debtor ultimately failed to retain counsel, and on July 22, 2019, the hearing on the Motion to Dismiss and Response continued, but only after the Debtor appeared nearly one hour after the start time for the hearing.

[9] July 22, 2019 Hearing Recording at 2:45 to 2:51.

2

light of the fact that the Petition stated the debtor was "TARANI A JOHNSON" in all capital

letters, that Silver Apple, LLC was a business name also used by the debtor, and the Petition was

signed by "Johnson Tarani A, Agent" with a notation in the signature line of "Authorized

Representative. All rights reserved."[10] Although Ms. Johnson attempted to evade answering the

Chapter 13 Trustee's inquiry, in response to the Court's follow-up questions she confirmed that

she intended to file the petition on behalf of an alleged corporate entity named TARANI A

JOHNSON doing business as Silver Apple, LLC.[11] The Trustee then argued that the petition

was improper because a corporate entity is not entitled to file a chapter 13 bankruptcy petition

under the Bankruptcy Code.[12] The Court agreed, advising Ms. Johnson that the bankruptcy case

would be dismissed because the entity which apparently was the intended debtor is not eligible to

be a chapter 13 debtor.[13] The Court further advised Ms. Johnson that dismissal was without

prejudice to her ability to file an appropriate bankruptcy petition on behalf of herself or any of

her purported entities.[14]

## III.    DISCUSSION

The Bankruptcy Code is clear – only an individual debtor may be a debtor under chapter

13. Section 109(e) states as follows:

> Only an individual with regular income that owes, on the date of filing of
> the petition, noncontingent, liquidated, unsecured debts of less than

---

[10] July 22, 2019 Hearing Recording at 2:52 to 2:59.

[11] July 22, 2019 Hearing Recording at 2:59 to 3:07. Parenthetically, although it did not factor into the Court's determination that the present case had to be dismissed under the strictures of the Bankruptcy Code, the Court notes that the July 22, 2019 hearing was made more difficult both by the fact that the Debtor did not have counsel and by the inability of Debtor to testify cooperatively or coherently on even baseline factual inquiries. As an example, at the hearing the Debtor testified, among other things, that she does not consider herself a citizen of the United States government, but instead is a citizen of the United States of America, a "native New Yorker national" and a "Moor free inhabitant." July 22, 2019 Hearing Recording at 2:38 to 2:45. Despite the Chapter 13 Trustee's repeated attempts to have the Debtor clarify or explain her basis for this position, the Debtor engaged in a game of verbal and logical gymnastics in what the Court views as a plain attempt to avoid committing to a response.

[12] July 22, 2019 Hearing Recording at 3:07 to 3:11.

[13] July 22, 2019 Hearing Recording at 3:11 to 3:13.

[14] July 22, 2019 Hearing Recording at 3:11 to 3:16.

3

> $394,725 and noncontingent, liquidated, secured debts of less than
> $1,184,200, or an individual with regular income and such individual's
> spouse, except a stockbroker or a commodity broker, that owe, on the date
> of the filing of the petition, noncontingent, liquidated, unsecured debts that
> aggregate less than $394,725 and noncontingent, liquidated, secured debts
> of less than $1,184,200 may be a debtor under chapter 13 of this title.

11 U.S.C. §109(e). "Individual" as that term is used in the Bankruptcy Code means a human

being and does not include a corporate entity. *See, e.g., In re Sheperd*, 490 B.R. 338, 342

(Bankr. N.D. Ind. 2013) (relief under chapter 13 of the Bankruptcy Code is only available to

flesh and blood human beings); *In re BWP Transp., Inc.*, 462 B.R. 225, 234 n.18 (Bankr. E.D.

Mich. 2011) (collecting cases holding that the term "individual" as used in various sections of

the Bankruptcy Code means a natural person or human being, not a corporation, partnership or

other entity).

Ms. Johnson testified that when filing the Petition, she intended it to be filed on behalf of

a purported corporate entity named TARANI ALIKE JOHNSON doing business as Silver Apple,

LLC. Therefore, the alleged debtor in this case was not eligible to file a chapter 13 bankruptcy

petition under §109(e) of the Bankruptcy Code because it is purported to be a corporate entity,

not an individual. In light of the plain language of the Bankruptcy Code, dismissal of the

bankruptcy case was required.

Dated: August 27, 2019

*Magdeline D. Coleman*

MAGDELINE D. COLEMAN
CHIEF UNITED STATES BANKRUPTCY JUDGE

Tarani A. Johnson
2285 Bryn Mawr Avenue
Philadelphia, PA 19131

William C. Miller, Esquire
Chapter 13 Trustee
P.O. Box 1229
Philadelphia, PA 19105

4

Jerome B. Blank, Esquire
Thomas Song, Esquire
Robert J. Davidow, Esquire
Phelan Hallinan Diamond & Jones, LLP
1617 John F. Kennedy Boulevard, Suite 1400
Philadelphia, PA 19103

Jill Manuel-Coughlin, Esquire
Harry B. Reese, Esquire
Powers Kirn, LLC
8 Neshaminy Interplex, Suite 215
Trevose, PA 19053

United States Trustee
Custom House
200 Chestnut Street, Suite 502
Philadelphia, PA 19106-2912

5

## CERTIFICATE OF SERVICE

I, Prince Altee Thomas, Esquire, hereby certify that on February 3, 2020, a true and correct copy of the foregoing *Brief of Appellee Wells Fargo Bank, N.A.* was mailed *via* Federal Express upon the *Pro Se* Appellant at the following address of record with the Court:

Tarani A. Johnson
2285 Bryn Mawr Avenue
Philadelphia, PA  19131

The foregoing Brief was by electronic service only on the following:

William C. Miller, Esquire
Office of Chapter 13 Standing Trustee
P.O. Box 1229
Philadelphia, PA 19105

Frederic J. Baker, Esquire
Office of the United States Trustee
200 Chestnut Street, Suite 502
Philadelphia, PA 19106

/s/ Prince Altee Thomas
Prince Altee Thomas, Esq.

Dated:  February 3, 2020

2