IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


IN RE: TARANI A. JOHNSON         :       CIVIL ACTION
                                 :       Nos. **19-3620**
                                 :            **19-2804**


M E M O R A N D U M


EDUARDO C. ROBRENO, J.                         March 25, 2020


        Presently before the Court are the two pro se

bankruptcy appeals filed by Tarani Johnson. Johnson filed the

same brief in both cases, thus, the Court will rule on both

appeals in one memorandum. Civil Action 19-2804 is an appeal

from the bankruptcy court's May 21, 2019 order granting Wells

Fargo's motion for relief from the automatic stay with respect

to Johnson's property on West Montgomery Avenue H, Philadelphia,

Pennsylvania. Civil Action 19-3620 is an appeal of the

bankruptcy court's July 22, 2019 dismissal without prejudice of

Johnson's Chapter 13 bankruptcy petition after the bankruptcy

court found that she filed under the wrong chapter.[1]

---

[1]     The bankruptcy court's opinion can be found at 19-3620 ECF
No. 12-2. The court held that Johnson had improperly filed the
petition on behalf of an entity, rather than herself
individually and, thus, could not maintain a Chapter 13
bankruptcy action.

## I.  LEGAL STANDARDS

As appeals of final orders of the bankruptcy court, this Court has jurisdiction pursuant to 28 U.S.C. § 158(a)(1). The Court reviews findings of fact for clear error and applies plenary review to questions of law. In re Schick, 418 F.3d 321, 323 (3rd Cir. 2005).

## II.  DISCUSSION

The issues on appeal are whether the bankruptcy court erred in: (1) dismissing without prejudice Johnson's Chapter 13 petition and failing to rule on her motion to convert to Chapter 11; and (2) granting relief from the automatic stay to Wells Fargo.

### A.  Dismissal & Motion to Convert

The salient facts pertinent to the dismissal are not disputed. Johnson testified during a July 22, 2019 hearing that she filed the Chapter 13 bankruptcy petition on behalf of an entity separate from herself called "TARANI A. JOHNSON doing

business as Silver Apple, LLC."[2] A Chapter 13 petition can only
be filed by an individual. 11 U.S.C. § 109(e). Therefore, the
bankruptcy court made no error, clear or otherwise, in
dismissing Johnson's Chapter 13 petition without prejudice so
she could refile under Chapter 11.

It is also within the bankruptcy court's discretion to
grant a motion to convert. In re Myers, 491 F.3d 120, 127 (3d
Cir. 2007) ("[T]he decision whether to convert the case lies
within the sound discretion of the Bankruptcy Court."); see 11
U.S.C. § 1307(d) (providing that the court may convert a Chapter
13 case to a Chapter 11 case). By dismissing the petition
without prejudice, the motion to convert the case became moot.
Johnson could have at any time filed a Chapter 11 petition or
pursued the Chapter 13 petition individually. Instead, Johnson
chose to appeal the dismissal without prejudice. The Court finds
no clear error or abuse of discretion in the bankruptcy court's

---

[2]      Johnson claims to be a "moor Aboriginal New Yorker
American National *but not a citizen of the United States*."
19-3620 ECF No. 4-5 p. 1. According to the Southern Poverty Law
Center, the Moorish American Resource School has explained:
"Your straw-man is a non-living, non-breathing fictitious
corporate Entity that has the same name as you except in ALL
CAPITAL LETTERS. It's ultimately a trust that is brought into
existence with your signature. Lawfully you are the executor,
beneficiary, administrator and a stock holder of the UNITED
STATES CORPORATION." https://www.splcenter.org/fighting-hate/
extremist-files/group/moorish-sovereign-citizens (last visited
March 24, 2020).

decision to dismiss the petition without prejudice rather than
convert it.

**B.    Relief from Stay**

Johnson contends that the bankruptcy court abused its
discretion by granting Wells Fargo's motion for relief from the
stay without a hearing. While a hearing was scheduled, it was
continued after Johnson's counsel failed to appear. Johnson,
however, did have the opportunity to briefly address the
bankruptcy court at that time. Both parties also had the
opportunity to present their arguments to the bankruptcy court
through their briefs. The Court concludes that the bankruptcy
court did not clearly err in ruling on the motion, especially
given the fact that Johnson was not legally able to maintain a
Chapter 13 bankruptcy. The relief from stay was based on
Johnson's failure to pay post-petition mortgage payments on the
relevant property. Johnson does not dispute that she has not
made post-petition payments.[3] Given the unique circumstances of
this case, and based on the evidence presented to the bankruptcy
court, this court concludes that Johnson was fully heard by the

_____

[3]      Johnson argues instead that Wells Fargo is not the
holder of the note. As stated by the bankruptcy court during the
aborted April 16, 2019 hearing on the motion, Johnson must pay
post-petition payments to whoever holds the mortgage and cannot
refuse to at least escrow the funds.

bankruptcy court and that the bankruptcy court did not abuse its discretion in granting relief from the stay.

Johnson also asserts that the bankruptcy court erred by allowing Wells Fargo's counsel to testify without being sworn and by allowing him to present unauthenticated documents. Counsel did not provide testimony. Counsel filed a May 17, 2019 supplemental verification of post-petition arrears. That document verifies Johnson's monthly mortgage payments during various time periods. The bankruptcy court did not err by considering this information when granting relief from the stay to Wells Fargo.

C.    Additional Allegations

Johnson also alleges that a separate creditor, not part of the appeal, violated the automatic stay by foreclosing on a property in New York. However, this allegation is unrelated to the two orders on appeal and, moreover, Johnson does not allege the bankruptcy court committed any error related to this allegation.

Johnson further argues that her due process rights were violated by the bankruptcy court's failure to hold a hearing on the motion to convert or the motion for relief from the stay. Given that Johnson had ample opportunity to present

her arguments, the Court finds no due process violation. <u>See</u> <u>In re Burchill</u>, 591 F. App'x 176, 178 (3d Cir. 2015) (non-precedential) (providing that there is no due process violation when the debtor "has had numerous opportunities to be heard in both state and federal court").

Finally, Johnson argues that the bankruptcy court prevented her from amending her petition. The docket shows that Johnson amended her plan twice. Therefore, this argument lacks merit. There is no evidence that the bankruptcy court prevented Johnson from amending her plan or schedules or from filing a Chapter 11 petition.

Because the Court affirms the bankruptcy court's dismissal of Johnson's Chapter 13 petition, it finds that the pending motions for various relief are moot and will deny them as such.

**III. CONCLUSION**

The bankruptcy court did not clearly err in its decisions and in ultimately dismissing Johnson's petition without prejudice based on uncontroverted facts. Therefore, the Court affirms the decisions of the bankruptcy court and Johnson's appeals are dismissed.

An appropriate order follows.